# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,
:
    Plaintiff,                                 Case No. 3:00-cr-066
                                           Civil Action No. 3:04-cv-263

:        District Judge Walter Herbert Rice
    -vs-                              Chief Magistrate Judge Michael R. Merz

RICHARD GUNTER,
:
    Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Doc. No. 35).  The matter has been referred to United States Magistrate Judge Michael R. Merz pursuant to the General Order of Assignment and Reference for the Dayton location of court.

Defendant contends his conviction violates his right under the Sixth Amendment to trial by jury as recently interpreted by the Supreme Court in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004).  The asserted basis for applying *Blakely* is that Chief Judge Rice made a finding at sentencing of the amount of loss for which Mr. Gunter was responsible and increased his sentence under the United States Sentencing Guidelines based on that finding.  He was sentenced to 120 months confinement.

Even though *Blakely* arose from a state court system, it appeared to many people, obviously including the Defendant, that *Blakely* applied to the United States Sentencing Guidelines, under which Defendant was sentenced.  At about the time Defendant filed his §2255 Motion, the United

States Supreme Court agreed to decide that question on an expedited basis and at Defendant's request, this Court delayed consideration of his §2255 Motion pending that decision. On January 12, 2005, the Court decided in *United States v. Booker*, ___ U.S. ___, 2005 U.S. LEXIS 628, that *Blakely* does apply to the Sentencing Guidelines which are therefore unconstitutional insofar as they impose a mandatory sentencing range on the district courts. .

Although the Sixth Amendment as interpreted in *Blakely* and *Booker* renders mandatory guideline sentencing unconstitutional, the rulings in those cases do not provide a basis for relief in this case because it is before the Court on collateral rather than direct review. The Supreme Court held in *Booker* that its ruling would apply to all cases on direct review, but did not mention collateral review cases. However, the *Blakely* and *Booker* rulings stem from the more fundamental holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi,* quoting *Jones v. United States,* 526 U.S. 227 (1999). The Sixth Circuit has expressly held that *Apprendi* is not to be applied retroactively to cases on collateral review. *Goode v. United States*, 305 F. 3d 378 (6th Cir. 2002). In *Schiro v. Summerlin*, ___ U.S. ___ ,124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004), the Supreme Court expressly held that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case which depends on *Apprendi,* is not to be applied retroactively to cases on collateral review.

Because this case was final on direct review long before *Booker* was decided, Defendant's §2255 Motion should be denied. Because reasonable jurists would not disagree with this conclusion,

2

Defendant should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

January 15, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).